```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD


PAULETTE GABBIDON,
a.k.a. PAULETTE HIBBERT,

     Plaintiff,

v.                                   CIVIL ACTION NO. 1:19-00828

DAVID R. WILSON, FPC ALDERSON;
JERROD R. GRIMES, FPC ALDERSON;
LIEUTENANT WORKMAN, FPC ALDERSON;
GINA HONAKER, FPC ALDERSON;
MARK S. INCH, FEDERAL BUREAU OF PRISONS; AND,
THE UNITED STATES OF AMERICA,,

     Defendants.
```

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiffs' Motion for Leave to File Amended Complaint.  (ECF No. 4.)  This court entered an Order on February 27, 2020, stating that the docket in this action reflects that service had not been obtained upon the defendants within 90 days of plaintiff's filing of her initial complaint on November 21, 2019.  (ECF No. 3.)  The court then ordered plaintiff to demonstrate good cause for not serving the defendants with process.  (Id.)  Plaintiff's instant motion is construed as both a response to that Order and an additional motion to file an amended complaint.  In support of the motion, counsel for plaintiff states that defendants had not been served within the 90-day timeframe because plaintiff believed it

necessary to amend the initial complaint.  (ECF No. 4.)
Plaintiff gives no other rationale for the failure to serve
defendants.  Plaintiff also attached an Amended Complaint to her
motion.  (See ECF No. 4-1.)

Federal Rule of Civil Procedure 15 governs the amendment of
pleadings.  Rule 15(a)(1) provides a plaintiff with an
opportunity to amend his or her complaint "once as a matter of
course within: (A) 21 days after serving it, or (B) if the
pleading is one to which a responsive pleading is required, 21
days after service of a responsive pleading."  Here, neither
scenario (A) nor (B) of Rule 15(a)(1) appear to apply, as
plaintiff has not yet served defendants with her Complaint, nor
has a responsive pleading or other motion been served upon
plaintiff.  However, the Fourth Circuit has stated that "a
plaintiff has an absolute right to amend his complaint once
before a responsive pleading has been filed and need not seek
leave of court to do so."  Galustian v. Peter, 591 F.3d 724, 730
(4th Cir. 2010).  It is evident that no responsive pleading has
been filed in this case, and so barring plaintiff from amending
her complaint "would necessarily divest Plaintiff of this
absolute right."  Caimona v. Ohio Civil Serv. Employees Ass'n,
2018 WL 6386023, at *2 (N.D. Ohio Dec. 6, 2018).[1]  Therefore,

---

[1] The court in Caimona faced a similar situation where the
plaintiff never served a complaint within 90 days of filing it,

plaintiff has an absolute right to file her Amended Complaint, and plaintiff's Motion for Leave to File Amended Complaint is **GRANTED**.

However, the issue of plaintiff's failure to serve defendant within 90 days of filing her initial Complaint remains. Under Rule 4, service must be perfected upon a defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). If the plaintiff has not completed service within 90 days, the court must determine whether the plaintiff has shown good cause for failing to timely effect service. Id. Here, following Rule 4(m), the court ordered plaintiff to demonstrate good cause for not serving the defendants with process, and stated that an insufficient showing of good cause will result in dismissal without prejudice of this case. (ECF No. 3.) Plaintiff's only response was that defendants had not been

---

and only after that 90 days had passed did plaintiff file an amended complaint. See 2018 WL 6386023, at *2. The court noted another district court's ruling in a nearly identical scenario, Koplow v. Watson, which concluded that "Plaintiff's complete failure to serve the Complaint on Defendants does not give Plaintiff free rein to amend the Complaint whenever he wishes." 751 F. Supp. 2d 317, 322 (D. Mass. 2010). However, the Caimona court, located in the Sixth Circuit, found Koplow unpersuasive due to the Sixth Circuit's rule that plaintiffs possess "an 'absolute right to amend their complaint one time before a responsive pleading is served.'" 2018 WL 6386023, at *2 (quoting In re Alfes, 709 F.3d 631, 639 (6th Cir. 2013)). Because the Fourth Circuit maintains an identical rule allowing amendments before a responsive pleading has been filed, see Galustian, 591 F.3d at 730, this court also aligns with Caimona in finding Koplow unpersuasive.

3

served within the 90-day timeframe because plaintiff believed it necessary to amend the initial complaint. (See ECF No. 4.)

The Fourth Circuit has explained that "good cause" in the context of Rule 4(m) "requires some showing of diligence on the part of the plaintiffs . . . [and] generally exists when the failure of service is due to external factors, such as the defendant's intentional evasion of service." Attkisson v. Holder, 925 F.3d 606, 627 (4th Cir. 2019). A "plaintiff bears the burden . . . of demonstrating good cause for any delay." Iskander v. Baltimore Cty., Md., 2011 WL 4632504, at *1 (D. Md. Oct. 3, 2011). Courts often look to several factors to guide their determination of whether plaintiffs have shown good cause, which "include whether: 1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is pro se or in forma pauperis, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A)." Scott v. Maryland State Dep't of Labor, 673 F. App'x 299, 306 (4th Cir. 2016) (citations omitted). "What constitutes 'good cause' for purposes of Rule 4(m) 'necessarily is determined on a case-by-case basis within the discretion of the district court.'" Collins v. Thornton, 782 F. App'x 264, 267 (4th Cir. 2019) (quoting Scott, 673 F. App'x at 306 (4th Cir. 2016)).

Plaintiff's explanation for her failure to serve defendants does not constitute good cause. Plaintiff does not explain how the need to amend her Complaint caused her counsel to fail to attempt service on any of the defendants or request an extension of time to perfect service. See, e.g., Caimona, 2018 WL 6386023, at *5 (finding no good cause for identical reasons) Nor has plaintiff provided an explanation in her Amended Complaint. Applying the above factors further demonstrates that no good cause exists, as five of the six factors weigh against plaintiff: 1) no exogenous factors caused plaintiff's delay in service; 2) there is no evidence defendant was evasive; 3) there is no evidence of diligence by plaintiff; 4) plaintiff is not pro se; and 6) plaintiff made no extension request. As to factor 5), it is unclear that defendants would be prejudiced, but plaintiff has not explained why defendants would not be prejudiced by plaintiff's delay. Therefore, the court finds that plaintiff has not demonstrated good cause for her failure to serve defendants within the required time limit.

However, "even if there is no good cause shown . . . [district] courts have been accorded discretion to enlarge" the period for service. Henderson v. United States, 517 U.S. 654, 662 (1996) (quoting Advisory Committee's Notes); see, e.g., Escalante v. Tobar Constr., Inc., 2019 WL 109369, at *3 (D. Md.

Jan. 3, 2019).[2] Courts have identified several non-exhaustive factors that guide the discretionary decision of whether to enlarge the service period. Such factors include "(i) the possibility of prejudice to the defendant, (ii) the length of the delay and its impact on the proceedings, (iii) the reason(s) for the delay and whether the delay was within the plaintiff's control, (iv) whether the plaintiff sought an extension before the deadline, (v) the plaintiff's good faith, (vi) the plaintiff's pro se status, (vii) any prejudice to the plaintiff, such as by operation of statutes of limitation that may bar refiling, and (viii) whether time has previously been extended." Robinson, 193 F. Supp. 3d at 580 (citing Kurka v. Iowa Cty., 628 F.3d 953, 959 (8th Cir. 2010); Newby v. Enron, 284 F. App'x. 146, 149-51 (5th Cir. 2008); Carter v. Keystone, 278 F. App'x. 141, 142 (3d Cir. 2008); Melton v. Wiley, 262 F. App'x 921, 924

---

[2] After the Supreme Court's decision in Henderson, the Fourth Circuit recognized that district courts have discretion to "extend[] the time for proper service of process," even absent good cause. Scruggs v. Spartanburg Reg'l Med. Ctr., 1999 WL 957698, *2 (4th Cir. 1999). This reading comports with the plain language of the 2015 revision to Rule 4(m), which states that a court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added); see Robinson v. G D C, Inc., 193 F. Supp. 3d 577, 583 (E.D. Va. 2016); see also, e.g., United States v. Woods, 571 U.S. 31, 45 (2013) (recognizing that the word "or" "is almost always disjunctive" and thus the "words it connects are to 'be given separate meanings'").

6

(11th Cir. 2008); Wright & Miller, *Federal Practice & Procedure: § 1137* (2015)). The court now addresses these factors in turn.

First, it is unclear how defendants would suffer prejudice from extending plaintiff's time to serve. Because the court cannot ascertain how defendants would be prejudiced by an extension of time, other than by the inherent prejudice in having to defend the suit, this factor supports permitting late service. See Caimona, 2018 WL 6386023, at *6. Second, the length of delay would not be excessive; at most, it would be the 90 days which plaintiff would gain to effectuate service by virtue of plaintiff's filing of her Amended Complaint, and plaintiff is less than two weeks delinquent on the initial deadline to serve process. Third, the delay lies squarely within plaintiff's control and was the fault of plaintiff. Fourth, plaintiff failed to seek an extension before the deadline. Fifth, there is no evidence that plaintiff has not been operating in good faith. Sixth, plaintiff is not pro se but is represented by counsel. Seventh, a dismissal here may bar plaintiff from refiling her aging claims, as the injuries founding plaintiff's claims ended in November 2017, (ECF No. 1), and the FTCA maintains a two-year statute of limitations if no tolling is present. 28 U.S.C. § 2401(b). As the Supreme Court recognized, "the rules of procedure should be liberally construed [so] that 'mere technicalities' [do] not stand in the

7

way of consideration of a case on its merits." Torres v. Oakland Scavenger Co., 487 U.S. 312, 316 (1988). Plaintiff's consequent prejudice thus weighs in favor of enlarging the service time. See, e.g., Scott, 673 F. App'x at 306; Neighbor v. JP Morgan Chase Bank, N.A., 2019 WL 5550076, at *3 (W.D.N.C. Oct. 25, 2019). And eighth, this is the first extension of time requested.

Just over half of the factors – the first, second, fifth, seventh, and eighth – stand in favor of granting an extension of time for service, while the third, fourth, and sixth factors support dismissal. This is a close call. However, two considerations counsel that the court should grant an extension to plaintiff. First, courts typically grant extra weight to factor seven, dealing with whether a dismissal would substantially prejudice plaintiff – and weighing in favor of plaintiff here. See Caimona, 2018 WL 6386023, at *6. And second, there is a preference to resolve cases on the merits rather than technical procedural grounds. See, e.g., Foster v. Tannenbaum, 2016 WL 7379025, at *2 (S.D.W. Va. Dec. 20, 2016) (citing United States v. Shaffer Equip. Co., 11 F.3d 450, 453 (4th Cir. 1993)). Therefore, the court in its discretion will **EXTEND** the time for service of process pursuant to Rule 4(m).

For the foregoing reasons, plaintiff's motion to file her Amended Complaint is **GRANTED**. Additionally, the time plaintiff

8

has to serve defendants with the Amended Complaint is **EXTENDED** 90 days – the amount of time Rule 4(m) gives for service after the filing of a complaint – from the date of issuance of this Order.  The Clerk is directed to file the Amended Complaint, (ECF No. 4-1), and send a copy of this Memorandum Opinion and Order to counsel of record.

    IT IS SO ORDERED this 17th day of March, 2020.

                                    **ENTER:**

                                    David A. Faber
                                    Senior United States District Judge