```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

PAULETTE GABBIDON,

    Plaintiff,

v.                                CIVIL ACTION NO. 1:19-00828

DAVID R. WILSON, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    Pending before the court is the motion of defendant United States ("defendant") to bifurcate trial in this matter. (ECF No. 76.) Defendant filed the motion on November 30, 2021. Plaintiff has not filed a response. Defendant argues that a trial on the limited facts pertaining to equitable tolling is warranted in this case. The court agrees and will grant the motion.

    Federal Rule of Civil Procedure 42 provides in relevant part as follows:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.

Whether to bifurcate trial "is within the sound discretion of the trial judge." See Bowie v. Sorrell, 209 F.2d 49, 51 (4th Cir. 1953). A court may order bifurcation on motion or *sua*

*sponte*. See Saxion v. Titan-C-Mfg., Inc., 86 F.3d 553, 556 (6th Cir. 1996). "Bifurcation may be appropriate where the evidence offered on two different issues will be wholly distinct, or where litigation of one issue may obviate the need to try another issue." Athridge v. Aetna Cas. & Sur. Co., 604 F.3d 625, 635 (D.C. Cir. 2010) (quoting Vichare v. AMBAC Inc., 106 F.3d 457, 466 (2d Cir.1996)). But bifurcation is inappropriate if it will result in prejudice or unfairness to a party. Id.

Defendant argues that the court should hold a separate trial on the issues of fact underlying the application of equitable tolling in this case. In denying defendant's motion to dismiss, the court found that if the facts plaintiff set forth in support of equitable tolling were true, equitable tolling applied. The court noted, however, that if those facts turned out at trial not to be established, equitable tolling may not apply.

In short, there are unresolved issues of fact which the court accepted as true for purposes of the motion to dismiss but which must eventually be resolved. If it turns out that the facts do not support equitable tolling, the court must dismiss all claims against this defendant except those for forced labor.[1]

---

[1] Defendant plans to file dispositive motions as to those claims. Even assuming those motions are denied, and this defendant remains a party for trial, the issues as to this defendant will

2

A trial on the facts pertaining to the threshold issue of equitable tolling is appropriate here.  First, it could potentially obviate the need for a longer trial involving much more evidence, at least as to this defendant.  Second, there appears to be virtually no overlap between the evidence on equitable tolling and the evidence on the merits.  A separate trial thus favors judicial economy.  Further, no prejudice or unfairness to plaintiff is readily apparent.[2]

Therefore, the court **GRANTS** the motion (ECF No. 76) and orders that trial in this matter be bifurcated, with the discrete issue of whether equitable tolling applies in this case to excuse plaintiff from the six-month filing requirement in 28 U.S.C. § 2401(b) ("Trial Phase 1") to be tried to the court prior to a comprehensive trial on the merits ("Trial Phase 2").  The schedule for Trial Phase 2 will hold steady.  (See ECF No. 74.)  The schedule for Trial Phase 1 is as follows:

1. Discovery on all issues pertaining to Phase 1 shall be completed by **May 2, 2022.**
2. Rule 26(a)(3) disclosures shall be made by **May 9, 2022.**

---

be substantially narrowed, should it turn out that equitable tolling does not apply.

[2] Again, plaintiff has filed no response to the motion.

3. All motions in limine shall be filed by **May 16, 2022.**

4. Plaintiff's portion of the proposed pretrial order is due to defendant by **May 23, 2022.**

5. Defendant shall file a proposed integrated pretrial order by **May 31, 2022.**

6. A pretrial conference shall be held on **June 6, 2022, at 11:00 a.m.** in Bluefield.

7. Proposed findings of fact and conclusions of law shall be submitted by **July 11, 2022.**

8. A bench trial will be held on **July 18, 2022, at 9:30 a.m.** in Bluefield.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 21st day of January, 2022.

ENTER:

David A. Faber
Senior United States District Judge