```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

PAULETTE GABBIDON,

    Plaintiff,

v.                            CIVIL ACTION NO. 1:19-00828

DAVID R. WILSON, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    The following motions are pending before the court: (1) the United States of America's ("United States") motion to disqualify counsel; (2) the United States' motion to exclude evidence; (3) the Unites States' motion to allow Alan Young to testify remotely; (4) defendant David R. Wilson's motion to be excused from attendance at the pretrial conference; and (5) plaintiff's motion that her counsel be permitted to appear via telephone at the pretrial hearing. (ECF Nos. 93, 94, 99, 101, and 115.)[1] The court held a pretrial conference on June 6, 2022, and addressed these motions at the conference. The court now memorializes and clarifies its rulings below.

---

[1] Also pending is plaintiff's recently filed motion to alter deadlines. (ECF No. 112.) The court will issue a ruling on that motion by separate order.

### I. Motion to Disqualify Counsel (ECF No. 93)

The United States has moved to disqualify plaintiff's counsel RoseMarie Feller because Ms. Feller is a witness to the disputed facts bearing on the issue of equitable tolling. This motion is unopposed. For that reason, and for the reasons stated at the conference and in the government's motion, the court will grant the motion. Ms. Feller will not be permitted to serve as counsel during Phase 1 of the trial. There being no objection from the government, this disqualification applies only to Ms. Feller, not to all attorneys employed with her law firm.

### II. Motion to Exclude Evidence (ECF No. 94)

The court set a deadline of May 9, 2022, for disclosure of materials under Federal Rule of Civil Procedure 26(a)(3) (pertaining to Phase 1 of the bifurcated trial). (ECF No. 81.) Apparently believing that this obligation need not be fulfilled as to documents produced or witnesses disclosed in discovery or otherwise already in the possession of other parties, plaintiff failed to make timely disclosures. The government filed this motion seeking "an order precluding Plaintiff from introducing any pieces of documentary evidence or calling any witnesses that have not been disclosed." (ECF No. 94, at 1.)

The burden is on plaintiff to prove that her failure was substantially justified or harmless. The failure here was not

substantially justified. One of plaintiff's three attorneys should have realized that a separate disclosure is necessary under this rule. Furthermore, it became apparent at the pretrial conference that plaintiff had yet another witness to disclose untimely.

Although the failure was not substantially justified, it appears mostly harmless under the totality of the circumstances. While the court found that the sanction of exclusion was not appropriate as to materials and witnesses already disclosed, it became clear that a stopping point for additional untimely disclosures needed to be set. Thus, although the court will deny the motion in part, the court will grant the motion as to materials or witnesses not disclosed prior to the pretrial conference. This limiting principle is necessary to prevent prejudice to the United States.

**III. Motion to Allow Alan Young to Testify Remotely (ECF No. 99)**

The Unites States asks that a witness, Alan Young, be permitted to testify remotely. This court has a very strong preference for in-person testimony whenever possible. Mr. Young's situation is one of the rare ones where the court believes that remote testimony should be permitted. Mr. Young's situation is extraordinary. As the only caretaker during non-work hours to a spouse who requires round-the-clock care, it would be an extreme hardship for Mr. Young and his family if Mr.

3

Young were required to travel from Florida to West Virginia to provide in-person testimony.  This is not to say that whenever a potential witness has obligations to care for a family member, he should be allowed to testify remotely.  But under the totality of the circumstances here, the court finds the hardship to the witness outweighs the court's very strong preference for in-person testimony and the truth-seeking purpose that it promotes.

Accordingly, the court will grant the motion.

**IV. Motion to Be Excused (ECF No. 101)**

The court will grant this motion.  Furthermore, for the reasons stated at the hearing, and there being no objection by the other parties, defendant David R. Wilson is excused from further participation in Phase 1 proceedings.

**V. Motion to Appear by Telephone (ECF No. 115)**

The court will grant this motion.  The court notes that Ms. Finch successfully participated in the conference by telephone.

**VI. Conclusion**

For the reasons stated above, the court **GRANTS** the United States' Motion in Limine to Disqualify Rose Feller (ECF No. 93); **GRANTS** in part and **DENIES** in part the United States' Motion in Limine to Exclude Any Documentary or Testimonial Evidence Not Disclosed by Plaintiff (ECF No. 94); **GRANTS** The United States' Motion to Allow Witness Alan Young to Testify by Contemporaneous

Transmission (Videoconference Transmission) from a Remote Location (ECF No. 99); **GRANTS** defendant David Wilson's Motion to Excuse Attendance of David Wilson at Phase 1 Pretrial (ECF No. 101); and **GRANTS** plaintiff's Motion for Leave to Appear by Phone (ECF No. 115.).

The court also requests that the parties meet and confer regarding the rescheduling of trial to the week of July 25, 2022. Thereafter, the parties should inform the court of the outcome of their scheduling discussion.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 7th day of June, 2022.

ENTER:

David A. Faber
Senior United States District Judge