```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

PAULETTE GABBIDON,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:19-00828

DAVID R. WILSON, et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion to modify the court's scheduling order. (ECF No. 112.) Plaintiff asks that the court extend the discovery deadlines and the mediation deadline.

Plaintiff says that the United States objected to certain discovery requests or improperly redacted certain responses. Plaintiff's solution was to hire a private investigator to track down the requested material (the list of which apparently spanned thirteen pages), and the private investigator needs more time to complete the task.

According to plaintiff, the United States "could have easily provided these documents, and has either chosen not to, or has provided mostly redacted documentation." (Id. at 3.) She characterizes the United States' behavior in discovery as

"questionable." (Id.) Nevertheless, plaintiff did not seek court intervention in this discovery dispute. Finally, plaintiff vaguely refers to the potential need to resolve discovery disputes down the road: "Once Plaintiff has all of the outstanding documents, it is possible that there may be discovery issues brought up either by Plaintiff or Defendant United States of America." (Id.)

Plaintiff has not shown good cause to extend the discovery deadlines. She filed this case on November 21, 2019. Although the United States asked the court to stay discovery pending the resolution of its dispositive motion, the court did not do so. It may be true that plaintiff's private investigator now needs more time, but plaintiff chose not to conduct discovery sooner, hire an investigator sooner, or seek court intervention into what she perceives as deficient responses by the United States. In short, the request to extend the discovery deadlines is not well taken.

The mediation deadline is an entirely separate matter. The court agrees that this deadline should be continued due to its proximity to the Phase 1 trial. Accordingly, the court will continue the mediation deadline until further order of the court.

For the reasons stated above, the court **GRANTS** in part and **DENIES** in part plaintiff's Motion to Modify Certain Deadlines in

Scheduling Order (ECF No. 112). The motion is granted as to the mediation deadline and is otherwise denied.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 8th day of June, 2022.

ENTER:

David A. Faber
Senior United States District Judge