```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

PAULETTE GABBIDON,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:19-00828

DAVID R. WILSON, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    Pending before the court is plaintiff's Motion for Clarification of the court's order entered as ECF No. 118. (ECF No. 124.) Plaintiff states that, based on the court's statements at the pretrial conference, it was her understanding that the court would address her request to extend discovery deadlines after the Phase 1 trial.

    Plaintiff filed her motion to extend the discovery deadlines the evening before the pretrial conference, and the court was not prepared to address it the next morning. Upon subsequent review of the motion, it was readily apparent that the request to extend discovery was completely lacking in merit and should be denied forthwith. Therefore, the court entered its order denying the motion insofar as it sought extension of the discovery deadlines.

"A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts."  Potomac Elec. Power Co. v. Elec. Motor Supply, Inc., 190 F.R.D. 372, 375 (D. Md. 1999).  As the court explained in its previous order, plaintiff has not shown good cause for extending the discovery deadlines.

Additionally, as to the portion of plaintiff's motion requesting an extension of the deadline to serve discovery requests (which passed about a month before she filed the motion), plaintiff did not show excusable neglect for failing to seek an extension of this deadline prior to its expiration.  See Tom v. Hosp. Ventures LLC, No. 5:17-CV-98-FL, 2022 WL 1913409, at *4 (E.D.N.C. June 3, 2022) (citing F. R. Civ. P. 6(b)(1)) ("Plaintiff must demonstrate both good cause to extend the deadlines and excusable neglect for failing to timely seek an extension.").

For the reasons stated above and in ECF No. 118, the court denied plaintiff's motion (ECF No. 112) to the extent it sought extension of the discovery deadlines for Phase 2.  To the extent this motion requests reconsideration of the court's previous order (ECF No. 118), this motion (ECF No. 124) is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 17th day of June, 2022.

ENTER:

David A. Faber
Senior United States District Judge