```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BLUEFIELD
```

PAULETTE GABBIDON,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:19-00828

DAVID R. WILSON, et al.,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the court are two motions by plaintiff requesting leave to present testimony at the upcoming Phase 1 trial by remote video transmission. (ECF Nos. 121, 122.) In the first motion, plaintiff asks that she herself be permitted to so testify, as she is not permitted to enter the United States. In the second, plaintiff asks that two of her witnesses be permitted to so testify because of conflicts with other obligations and expenses that testifying in person may pose.

As noted previously, this court has a very strong preference for in-person testimony whenever possible because of its inherent superiority in helping the trier of fact determine the truth. It is less difficult to judge credibility with in-person testimony, and requiring witnesses to appear in court allows them to better appreciate the solemnity of the

proceedings and importance of their accurate, complete, and truthful testimony. That said, there are circumstances where remote testimony is permissible.

As to plaintiff herself testifying remotely, good cause obviously exists because it is illegal for her to testify in person. Therefore, the court will allow her to do so.

Plaintiff also requests that two witnesses be allowed to testify remotely. The first is Lisa Haba, her immigration attorney. According to Ms. Haba's sworn declaration, she is the mother and primary caregiver to five young children. During the week of trial, her husband is scheduled to be out of town with three of the children, and she will be caring for the other two solo. Ms. Haba lives in Florida. Traveling to West Virginia poses a substantial hardship to Ms. Haba. Under the totality of the circumstances here, the court will allow her to testify remotely.

The second witness is Dr. Melissa Westendorf. Plaintiff says that Dr. Westendorf should be allowed to testify remotely because, essentially, she has other expert-witness obligations that would be disrupted if she must attend court in person. Dr. Westendorf lives in Wisconsin. Ordinarily, this would not constitute good cause to testify remotely. Here, however, it does not appear that Dr. Westendorf's testimony will be very extensive. She does not appear to be a crucial witness to the

relevant facts bearing on equitable tolling.  Accordingly, under the totality of the circumstances, the court will allow her to testify remotely.

For the reasons stated above, the court **GRANTS** plaintiff's motions regarding remote testimony.  (ECF Nos. 121, 122.) Although the court will allow remote testimony, it is up to plaintiff to confer with the court's IT staff to ensure that the technological aspects of doing so are worked out in advance.  It is also plaintiff's and her witnesses' responsibility to ensure that they have the technological capability to participate remotely.  The court notes that plaintiff has not filed a Notice of Certification for Use of Courtroom Technology.[1]

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 12th day of July, 2022.

ENTER:

*Daniel A. Faber*

David A. Faber
Senior United States District Judge

---

[1] The court also notes that no Statement of Visiting Attorney for plaintiff's Florida trial counsel has been filed.