IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

PAULETTE GABBIDON,

    Plaintiff,

v.                                      CIVIL ACTION NO. 1:19-00828

DAVID R. WILSON, et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of defendant United States of America ("defendant") for summary judgment (or dismissal) as to counts XV and XVI of plaintiff's amended complaint. (ECF No. 96.) Defendant filed the motion on May 25, 2022. Plaintiff has not filed a response. Defendant argues that it retains its sovereign immunity as to the claims in these counts, which relate to forced labor under 18 U.S.C. § 1595. For the reasons that follow, the court will grant summary judgment in favor of defendant as to these counts.[1]

"For a claim to be brought against the United States, there must be an explicit waiver of sovereign immunity." Criscione v.

---

[1] Plaintiff's amended complaint has two counts numbered "XIV" and one labelled VX that has no substance (other than the title "FORCED LABOR"). (See ECF No. 6, at 37-39.) The court is considering the second Count "XIV" to be Count XVI and granting summary judgment to defendant as to that count and Count XV.

U.S. Nuclear Regul. Comm'n, 493 F. Supp. 3d 423, 430 (D. Md. 2020).  "It is settled law that a waiver of sovereign immunity must be unambiguous and unequivocal."  Robinson v. United States Dep't of Educ., 917 F.3d 799, 800 (4th Cir. 2019).  Indeed, the Supreme Court has made this requirement "crystal clear."  Peck v. United States Dep't of Lab., Admin. Review Bd., 996 F.3d 224, 229 (4th Cir. 2021).

Despite the multiple sections of Title 18 that plaintiff cites in the relevant portion of her amended complaint, only one of them could support her forced-labor claims:  18 U.S.C. § 1595.  The other sections cited are §§ 1589 and 1593.  Section 1589 deems certain conduct criminal and sets forth the punishment for engaging in such conduct.  Section 1593 deals with restitution.  These sections do not provide an individual cause of action for a violation thereof.

Indeed, it is § 1595(a) that provides an individual cause of action:

> (a) An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

Nothing in the plain language of this statute constitutes an unequivocal waiver of the sovereign immunity of the United

States. "[T]he United States . . . has not unequivocally consented to suit under Section 1595(a) and, thus, is immune from suit." Akins v. United States, No. 21-CV-1824-BAS-WVG, 2021 WL 5203294, at *5 (S.D. Cal. Nov. 9, 2021). Plaintiff has provided no authority or argument to the contrary.

Accordingly, the court **ORDERS** that summary judgment be **GRANTED** in defendant's favor as to Count XV and Count XVI (erroneously titled as XIV) of plaintiff's amended complaint.[2]

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 14th day of March, 2023.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge

---

[2] Although Count XVI includes the Federal Bureau of Prisons ("BOP") in its allegations, the BOP is not listed as a defendant in the amended complaint's case caption, nor is it listed within the "parties" section of the amended complaint. (See ECF No. 6, at 1, 3-4.) Thus, the Clerk did not list the BOP on the docket, and the BOP is not a defendant in this matter.