```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

PAULETTE GABBIDON,

    Plaintiff,

v.                                        Civil Action No. 1:19-00828

DAVID R. WILSON, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are the motions to withdraw as counsel for plaintiff filed by attorneys Laura M. Finch and RoseMarie Feller.  (ECF Nos. 160 and 162).  In support of the motions to withdraw, counsel indicate that plaintiff has sued them for legal malpractice in the United States District Court for the Middle District of Florida.  See Hibbert v. Feller, Case No. 6:22-cv002193-CEM-DCI.  Named as defendants in the Florida lawsuit are Feller, Finch, Feller Law, P.A., and Angelica Jones another attorney at Feller Law.  See id. at ECF No. 1.  The legal malpractice action appears to be related to counsels' representation of plaintiff in the instant action and matters arising before the complaint was filed.

Local Rule of Civil Procedure 83.4 which governs the withdrawal and/or termination of representation provides as follows:

An attorney may withdraw from a case in which he or she has appeared only as follows:

    (a)    By Notice of Withdrawal.  A party's attorney may withdraw from a case by filing and serving a notice of withdrawal, effective upon filing, if:
           (1)   multiple attorneys have appeared on behalf of the party; and
           (2)   at least one of those attorneys will still be the party's counsel of record after the attorney seeking to withdraw does so.
    (b)    By Notice of Withdrawal and Substitution.  A party's attorney may withdraw from a case by filing and serving a notice of withdrawal and substitution, effective upon filing, if the notice includes:
           (1)   the withdrawal and substitution will not delay the trial or other progress of the case; and
           (2)   the notice is filed and served at least 90 days before trial.
    (c)    By Motion.  An attorney who seeks to withdraw other than under LR 83.4(a) or (b) must move to withdraw and must show good cause.  The attorney must notify his or her client of the motion.

Both Ms. Feller and Ms. Finch indicate that they have notified plaintiff (through her counsel in the Florida case) of their intent to withdraw.

"The decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the district court." <u>Abbott v. Gordon</u>, Civ. No. DKC-09-0372, 2010 WL 4183334, at *1 (D. Md. Oct. 25, 2010).  Rule 83.7 of the Local Rules of Civil Procedure provides that all attorneys who practice before this Court must adhere to the Rules of Professional Conduct, as adopted by the Supreme Court of Appeals of West Virginia, and the Model Rules of Professional Conduct published by the American Bar Association (the ABA Model Rules).[1]  According to West Virginia

---

[1] Local Federal Rule 83.7 states:

Rule of Professional Conduct 1.16(b)(6) "a lawyer may withdraw from representing a client if . . . the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client. . . ."  In addition, West Virginia Rule of Professional Conduct 1.16(b)(7) permits an attorney to withdraw if "other good cause for withdrawal exists."  Ms. Finch and Ms. Feller have given good reasons for allowing their withdrawal as counsel for plaintiff. See Pritt v. Suzuki Motor Co., Ltd., 513 S.E.2d 161, 169 (W. Va. 1998) ("A lawyer may always withdraw from representing a client when he is justified in doing so because . . . client's other conduct that makes it unreasonably difficult for the lawyer to effectively do his work.").  Given plaintiff's pending lawsuit against them, it would be unreasonably difficult for Ms. Finch, Ms. Feller, Ms. Jones, and Feller Law to continue to represent plaintiff in this matter.  See City of Joliet v. Mid-City Nat. Bank of Chicago, 998 F. Supp.2d 689, 693 (N.D. Ill. 2014) (holding that good case to withdraw as counsel was present where

---

> In all appearances, actions and proceedings within the jurisdiction of this court, attorneys shall conduct themselves in accordance with the Rules of Professional Conduct and the Standards of Professional Conduct promulgated and adopted by the Supreme Court of Appeals of West Virginia, and the Model Rules of Professional Conduct published by the American Bar Association.

Local R. Civ. P. 83.7.

business partner of attorneys' clients had sued attorneys in an unrelated matter).

Therefore, the motions to withdraw are supported by good cause and are **GRANTED**. The Clerk is directed to terminate as counsel: Ms. Finch, Ms. Feller, Ms. Jones, and Feller Law.[2]

Also pending is the motion for an extension of time. See ECF No. 161. That motion, filed on plaintiff's behalf, asks the court to extend the deadline for the remaining parties to meet and confer and seek entry of a new scheduling order. According to Attorney Finch, it was her "good faith" understanding "that substitute counsel had been engaged and would be appearing[.]" Id. For good cause shown, the motion for an extension is **GRANTED**. The Clerk is directed to remove this case from the court's active docket. Within thirty (30) days of entry of this Order, Gabbidon should inform the court if she intends to obtain counsel to represent her in this matter or if she will proceed pro se. Should she do so, the court will reinstate the matter to the court's active docket and enter a new scheduling order. If nothing is filed by plaintiff within said thirty (30) days or counsel does not enter an appearance on her behalf, the matter will be dismissed.

---

[2] Although Ms. Jones did not file a separate motion to withdraw, her representation should likewise be terminated for the reasons supporting the withdrawal of Jones and Finch as plaintiffs' counsel.

4

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties. The Clerk is likewise to send a copy of this Order to Paulette Gabbidon, c/o Alex Couch, Esq., 3165 McCrory Place, Suite 175, Orlando, FL 32803, certified mail return receipt requested.

The Clerk is directed to send a copy of this Order to counsel of record.

**IT IS SO ORDERED** this 28th day of March, 2023.

ENTER:

David A. Faber
Senior United States District Judge